### HOWELL *v.* THE STATE.

FISH, C. J. 1. "Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Park's Code Supp. 1917, §§ 6502, 6506), the Court of Appeals has jurisdiction to decide questions of law that involve the application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve the construction of some constitutional provision directly

in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co.* v. *City of Atlanta*, 149 *Ga.* 114 (99 S. E. 374).

2. On the trial of one indicted for a violation of section 22 of the act approved March 28, 1917 (Ga. L. Extraordinary Sess. 1917, p. 7), in unlawfully and knowingly permitting and allowing on his premises and having or possessing or locating thereon an apparatus for the distilling and manufacturing of contraband liquors as specified in that act, the court permitted the sheriff and others to testify that they found on the premises of the accused an apparatus for the manufacture of such liquors as charged in the indictment. Such evidence was objected to by the accused on the ground that the witnesses searched his premises without a warrant, contrary to the provisions of the Federal and State constitutions guaranteeing the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and that no search warrant shall issue but upon probable cause supported by oath, etc. It appeared that the witnesses had no such warrant. *Held*, that in view of the decision above cited the point raised by the objection to the testimony referred to does not give the Supreme Court jurisdiction of the case, but jurisdiction thereof is vested in the Court of Appeals, to which court the case must be transferred.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 2852. APRIL 11, 1922.

Indictment for violating liquor law. Before Judge Shurley. Glascock superior court. September 26, 1921.

*L. D. McGregor,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.