## MEADOWS *v.* THE STATE.

No. 7528. July 18, 1930.

*T. N. Brown,* for plaintiff in error.

*R. H. Humphrey, solicitor,* contra.

HILL, J. "Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Park's Code Supp. 1917, §§ 6502, 6506), the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional

provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States, or any treaty." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374). Applying this principle to the facts of this case, the Supreme Court has no jurisdiction to decide the questions involved. The case is therefore *Transferred to Court of Appeals. All the Justices concur, except*

RUSSELL, C. J., dissenting. I concede the correctness of the principle stated in *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114, which is embodied in the opinion of the majority of the court; and that the Court of Appeals has jurisdiction to apply unquestioned and unambiguous provisions of the constitution to the facts of a case where the construction of the constitutional provision is not involved. However, I am of the opinion that in the case at bar the Supreme Court has jurisdiction and the Court of Appeals has not jurisdiction to adjudicate the point raised by plaintiff in error, which is that the construction of the statute defining the offense of abandonment, as set forth in the Penal Code (1910), § 116, would bring that statute in direct conflict with art. 1, section 1, par. 8, of the State constitution, which declares that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial." I do not think that the court intended to hold, in the case cited, that the Court of Appeals had jurisdiction to determine whether an act of the General Assembly is or is not unconstitutional (although the constitutional provision is itself clear and unequivocal) by determining the question of the unconstitutionality of an act from the construction placed upon it in its enforcement. In the case at bar, nothing can be plainer than the constitutional provision as to jeopardy, above quoted. The plaintiff in error contends that the act as construed by the lower court would subject him to punishment for the offense of abandonment more than once and would compel him to submit to more than one punishment, although he has never but once abandoned the child, and the prosecution of the subsequent charge is being carried on in a county different from that in which the abandonment and dependency occurred.