## NORMAN v. THE STATE.

No. 7984.   December 9, 1930.

*Paul S. Etheridge, Samuel D. Hewlett,* and *T. F. Bowden,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* and *John H. Hudson,* contra.

Hines, J.  Norman was indicted for embezzlement of the moneys, funds, securities, and credits of the Colonial Trust Company, a banking corporation under the laws of this State. He demurred to the indictment upon thirty-five grounds, which were overruled by the trial judge. To this judgment he excepted pendente lite, and assigned error thereon in the bill of exceptions in this case. No constitutional questions are raised by any of his grounds of demurrer. He was convicted, and moved for a new trial upon thirty-five grounds, of which the general grounds constitute three. In the other grounds it is contended that the court erred in not withdraw-

ing from the consideration of the jury certain transactions, in giving to the jury certain instructions, in failing to give to the jury certain instructions, in admitting certain evidence to the jury over the objection of counsel for the defendant, and in submitting to the jury various transactions, and the return by the jury of a general verdict of guilty, without stating upon which of said transactions the defendant was found guilty, which, as he contends, deprived him of his liberty without due process of law, and in violation of the due-process clauses of the State and Federal constitutions.

No constitutional questions are raised in any of the grounds of the motion for new trial, unless they are raised by the matters which we now state. In assigning errors upon the rulings and other matters in the grounds of his motion for new trial, from four to thirty-five, inclusive, the defendant alleges that the matters therein dealt with deprived him of his liberty in violation of the due-process clauses of the State and Federal constitutions. If this contention of the defendant is unsound, this court is without jurisdiction to pass upon and decide the issues raised by the bill of exceptions. The only ground upon which we would have jurisdiction, under the facts of this case, is that a constitutional question or questions are involved in the record. Are any such question or questions raised by the record? This court has jurisdiction "in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments;" and "in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question." Ga. Laws 1916, p. 19; 10 Park's Code Supp. 1922, § 6502. Does this case involve the construction of any part of the constitution of this State or of the United States; or is the constitutionality of any law of the State of Georgia or of the United States drawn in question in this case? In *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374), it was held that "the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any

law of the State or of the United States or any treaty." This decision was approved and followed in *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675).

The construction of the due-process clauses of the State and Federal constitutions is not involved in this case, nor is the constitutionality of any law of this State or of the United States involved in this case. Due process of law means the administration of general laws according to established rules, not violative of the fundamental principles of private right, by a competent tribunal having jurisdiction of the subject-matter, and proceeding upon notice and hearing. McGehee's Due Process of Law, 1. There is no pretense that the court in this State was not administering equal laws according to established rules. There is no contention that any law enforced by the court was violative of the fundamental principles of private right. It is not contended that the court did not have jurisdiction of the subject-matter, or that it was proceeding without notice and a hearing. The complaint is that the court erred in admitting evidence, in not withdrawing from the consideration of the jury certain transactions, in giving to the jury certain instructions which the defendant claims were erroneous, in failing to give to the jury certain instructions which the defendant claims were pertinent, and in submitting to the jury various transactions, and the return by the jury of a general verdict of guilty, without stating upon which of said transactions the defendant was found guilty. These complaints, if well founded, do not show a violation of the due-process clauses of the State and Federal constitutions?

Where the legislature of a State enacts laws for the government of its courts while exercising their respective jurisdictions, which, if followed, will furnish the parties the necessary protection of life, liberty, and property, it has performed its constitutional duty; and if one of its courts, acting within its jurisdiction, makes an erroneous decision in any respect, the State or the court can not be deemed guilty of violating the constitutional provision that no person shall be deprived of life, liberty, or property without due process of law. A State can not be deemed guilty of a violation of the due-process clause of its constitution, or of the due-process clause of the Federal constitution, simply because one of its courts while acting within its jurisdiction has made erroneous rulings or

decisions. In such a case a party is left to the appropriate remedies for the correction of errors in judicial proceedings. Arrowsmith v. Harmoning, 118 U. S. 194 (6 Sup. Ct. 1023, 30 L. ed. 243); In re Converse, 137 U. S. 624 (11 Sup. Ct. 191, 34 L. ed. 796); N. Y. &c. R. Co. v. McKeon, 189 U. S. 508 (23 Sup. Ct. 853); Davidson v. Hartford Life Ins. Co., 151 Mo. App. 561, 564 (132 S. W. 291). The commission of such errors does not infringe the due-process clauses of the State or Federal constitution; and complaint that they do, does not present any constitutional question for decision by this court. These constitutional provisions do not furnish guarantees against erroneous rulings or decisions of the trial court. So we are of the opinion that we are without jurisdiction to pass upon the errors assigned in the bill of exceptions. The Court of Appeals has jurisdiction of the case; and the same is hereby transferred to that tribunal. *All the Justices concur.*