AMERICAN SERVICE COMPANY *v.* COHEN.

No. 8044. MAY 16, 1931.

*Smith, Hammond, Smith & Bloodworth,* for plaintiff in error.
*Sims & Berman,* contra.

HILL, J. Mrs. Dora Cohen filed suit against Fulton Ice Company and J. H. Hanley, for damages to her store building and stock of goods, caused by the collision of two trucks owned and operated by the defendants. Service was had on Fulton Ice Company and J. H. Hanley. By amendment it was alleged that American Service Company, a foreign corporation, was doing business in Fulton County under the trade-name of Fulton Ice Company, and American Service Company was made a party defendant. The jury trying the case returned a verdict against the American Service Company for $2,000, and judgment was entered in accordance therewith.

Subsequently American Service Company filed its motion in arrest of judgment, on the ground that service was never perfected on it; that "no process was issued against it; return of service shows no service on it, either of the copy of said suit or the petition; . . also from the record it appears that movant never appeared, and the record discloses that there was no waiver of process or service made by movant. The record fails to disclose any service on movant. Movant has never had its day in court, and the judgment rendered, and herein sought to be arrested, is without due process of law, and illegal and contrary to the provisions of article one (1), section one (1), paragraph three (3), of the constitution of the State of Georgia, to wit: 'No person shall be deprived of life, liberty, or property, except by due process of law;'" also contrary to the due-process clause of the constitution of the United States.

The amendment to the constitution of this State, fixing the jurisdiction of the Supreme Court and of the Court of Appeals, provides: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors of law from the superior courts and the city courts of . . ; in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question," etc. Ga. L. 1916, p. 19. The assignment of error in this case, that "Movant has never had its day in court, and the judgment rendered, and herein sought to be arrested, is without due process of law, and illegal and contrary to the provisions" of the Federal and State constitutions, does not involve the construction of the constitution of the State of Georgia or of the United States; nor is the constitutionality of any law of the State of Georgia or of the United States drawn into question. This being so, the case is not one in which the Supreme Court has jurisdiction, but the Court of Appeals has jurisdiction of the case. *Norman* v. *State*, 171 *Ga.* 527 (156 S. E. 203).

*Transferred to the Court of Appeals. All the Justices concur.*