20958. PERDUE v. MARYLAND CASUALTY COMPANY et al.

STEPHENS, J. 1. The Georgia workmen's compensation act, wherein it authorizes compensation against counties of this State (Ga. L. 1920, p. 167, sec. 2(a), 9 Park's Code Supp. 1922, § 3154(b)), is unconstitutional, as was held by the Supreme Court in *Floyd County* v. *Scoggins*, 164 *Ga.* 485 (139 S. E. 11). Therefore, under the law as settled by the Supreme Court, an employee of a county of this State is not entitled to compensation for injuries received by him arising out of and in the course of the employment. See also *Murphy* v. *Constitution Indemnity Co.*, 172 *Ga.* 378 (157 S. E. 471).

2. This provision of the act having been declared unconstitutional, the judgment of the industrial commissioner denying compensation, and the judgment of the superior court affirming this award, in the absence of

854

any attack on this provision of the act as being unconstitutional, were not error. *Fuller* v. *Yetter*, 40 *Ga. App.* 58(2) (148 S. E. 751).

3. The Court of Appeals has jurisdiction to entertain the writ of error. *Gulf Paving Co.* v. *Atlanta*, 149 *Ga.* 114 (99 S. E. 374); *Fews* v. *State*, 1 *Ga. App.* 122 (58 S. E. 64); *Howell* v. *State*, 153 *Ga.* 201 (111 S. E. 675); *Norman* v. *State*, 171 *Ga.* 527 (156 S. E. 203).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 29, 1931.

J. R. Barwick, Isaac S. Peebles, for plaintiff.
R. G. Price, for defendants.