THOMPSON v. THE STATE.

No. 8749. MAY 12, 1932.

*R. Douglas Feagin,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.

. BECK, P. J. The 8th and 9th grounds of the motion for a new trial in this case are as follows:

"7. Because the movant contends that the court erred as follows: On the direct examination of the State's witness, Wesley Jones, by the solicitor, the following question was asked the witness by the solicitor: 'Q. Whose whisky was it you poured out?' 'A. It must have been his (referring to Thompson, the defendant).' Defendant's counsel objected to the answer of the witness,

stating to the court, which was a fact, that the witness had just testified that he did not know whose whisky it was. The court overruled the objection to the evidence and allowed the evidence to remain in, which ruling of the court movant respectfully submits is error, and avers that the court erred in not ruling out the evidence objected to.

"8. Because the court erred, movant contends, as follows: After the witness R. H. Raley had testified that he met the defendant, C. A. Thompson, as he was going out to his home and as Thompson was coming to Macon, and that he (Raley) had a criminal warrant for Thompson's house, and had testified that Wesley Jones was sitting in a swing on the porch and when he saw the officers coming he locked the door and ran in the house, and that the witness jerked open the screen door and jerked the hook off the door in doing so, and entered the house and found Jones pouring out liquor out of a pitcher in the bathroom, the defendant, through his counsel, objected to the evidence of the witness that he found liquor at the house, and moved to rule out the evidence of witness Raley, on the ground that it was inadmissible, since it appeared from the testimony of the witness that the search of the defendant's home without a warrant and breaking into his home was a violation of defendant's constitutional rights under the constitution of the United States, which protects him against illegal and unauthorized searches of his home; that it was a violation of his constitutional rights under the Federal constitution; that while counsel recognized that the Georgia courts have held to the contrary, yet the defendant contended that under the Federal constitution guaranteeing the right of people to be secure in their houses against unreasonable searches, that the search in this case was a violation of the defendant's constitutional rights under the Federal constitution. Movant contends that said evidence was inadmissible under Code section 6687, article IV of Article VIII of the constitution of the United States, and that the court should have sustained the motion to rule out the evidence, and have held that it was inadmissible."

There are no other grounds raising questions which this court has jurisdiction to decide; and after a consideration of the two grounds quoted in full, this court is of the opinion that the Court of Appeals alone has jurisdiction to decide the questions raised in

them. Discussion of the question in the instant case is rendered unnecessary by the decision in *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675). There a ruling was made which completely covers the ruling here made. The ruling made in the *Howell* case is upon a question substantially like the one here involved, and in fact almost identical with it. That ruling is as follows:

"1. 'Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Park's Code Supp. 1917, §§ 6502, 6506), the Court of Appeals has jurisdiction to decide questions of law that involve the application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve the construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty.' *Gulf Paving Co.* v. *City of Atlanta,* 149 *Ga.* 114 (99 S. E. 374).

"2. On the trial of one indicted for a violation of section 22 of the act approved March 28, 1917 (Ga. L. Extraordinary Sess. 1917, p. 7), in unlawfully and knowingly permitting and allowing on his premises and having or possessing or locating thereon an apparatus for the distilling and manufacturing of contraband liquors as specified in that act, the court permitted the sheriff and others to testify that they found on the premises of the accused an apparatus for the manufacture of such liquors as charged in the indictment. Such evidence was objected to by the accused on the ground that the witnesses searched his premises without a warrant, contrary to the provisions of the Federal and State constitutions guaranteeing the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and that no search warrant shall issue but upon probable cause supported by oath, etc. It appeared that the witnesses had no such warrant. *Held,* that in view of the decision above cited the point raised by the objection to the testimony referred to does not give the Supreme Court jurisdiction of the case, but jurisdiction thereof is vested in the Court of Appeals, to which court the case must be transferred." This ruling has

been followed in other cases. See *Norman* v. *State,* 171 *Ga.* 527 (156 S. E. 203); *American Service Co.* v. *Cohen,* 172 *Ga.* 744 (158 S. E. 599).

*Transferred to the Court of Appeals. All the Justices concur, except Hines, J., absent for providential cause.*