## DENNARD v. THE STATE.

No. 9094.  FEBRUARY 15, 1933.

*W. V. Custer & Son*, for plaintiff in error.
*F. E. Strickland, solicitor*, contra.

ATKINSON, J. 1. "Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Park's Code

Supp. 1917, §§ 6502, 6506), the Court of Appeals has jurisdiction to decide questions of law that involve the application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve the construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374); *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675). On the trial of one indicted for a violation of section 1 of the act approved March 28, 1917 (Ga. L. Ex. Sess. 1917, p. 7), in unlawfully controlling and possessing liquors as specified in that act, the judge refused to recuse himself on motion duly made by the defendant before arraignment and pleading to the accusation, complaining that the judge was disqualified to preside, because of his relation by consanguinity to the solicitor of the court in the degree of second cousin. It was alleged in the motion that the solicitor "is dependent for his livelihood upon the costs collected upon conviction of parties tried in said court," which each year amount to sums exceeding $4000; that the amount of the costs so collected is so great that in the circumstances stated the solicitor is pecuniarily interested in the result of each case tried by him, and in this case against the defendant; that on account of such interest of the solicitor and his relation to the judge, the judge was disqualified to try the defendant, and a trial by the court thus constituted would be contrary to article 1, section 1, paragraph 3, of the constitution of Georgia, which provides: "No person shall be deprived of life, liberty, or property, except by due process of law;" and contrary to so much of said paragraph as declares that "Protection to person and property is the paramount duty of government, and shall be impartial and complete;" that such trial of the defendant by the court as now constituted would also be contrary to article 8, section 5, of the constitution of the United States, which provides: "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia when in actual service, in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of

life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use without just compensation." In refusing to recuse himself the judge refused to hear evidence as to the charges relied on to show pecuniary interest of the solicitor and relationship to him. This refusal was made a special ground of the motion for a new trial, the overruling of which was assigned as error in the bill of exceptions.

In view of the ruling announced first above, the overruling of the motion for the judge to recuse himself does not give the Supreme Court jurisdiction of the case, but the jurisdiction thereof is vested in the Court of Appeals. In this connection see *Howell* v. *State,* supra; *Meadows* v. *State,* 170 *Ga.* 802 (154 S. E. 188); *Norman* v. *State,* 171 *Ga.* 527 (156 S. E. 203); *Thompson* v. *State,* 174 *Ga.* 804 (164 S. E. 202); *United States Fidelity & Guaranty Co.* v. *Edmondson,* 174 *Ga.* 895 (164 S. E. 773).

*Transferred to Court of Appeals. All the Justices concur.*