WESTERN & ATLANTIC RAILROAD *v.* LESLIE; *et vice versa.*

Nos. 8995, 9043. February 16, 1933.

*Walton Whitwell* and *Mitchell & Mitchell,* for plaintiff in error.

*J. A. McFarland* and *M. C. Tarver,* contra.

Hill, J. In the view we take of this case, the Supreme Court has no jurisdiction of it, and the Court of Appeals has jurisdiction. In neither the overruling of the demurrer to the petition, nor in any ground of the motion for new trial complaining of the charge of the court and of failure to charge, is any question raised that would give jurisdiction to the Supreme Court, unless the exception to the charge as set out in ground 1 of the amendment to the motion for new trial gives it jurisdiction. In that ground error was assigned upon the following instruction to the jury: "I charge you that if the plaintiff is entitled to recover, he would be entitled to recover for the damage sustained, and the measure of damages would be for the injury and damage to his property, and for the injury and damage to his person, and for the injury or damage to him on account of any expenditures that were necessary on account of any injury received. The jury shall determine, in the event they find for the plaintiff, whether or not the injuries complained of, that is, the personal injuries, were received, and whether or not, if received, they were permanent in character, and, if permanent, the annual earning capacity of the plaintiff, the income from his labors, then the number of years that the plaintiff might be expected to

live, and the average yearly amount that his earnings have been decreased, if decreased at all, by the injury complained of. You could not find this gross amount, but should reduce it to its present cash value; that is, ascertain what sum paid in cash would be the just and legal equivalent to this gross amount. In arriving at this item, you may take into consideration his declining years, which might decrease his capacity to labor; and if you believe that his earnings might be decreased with his advance in age, then you should take that from the first amount you find, and should take into consideration any other cause, such as feebleness in health, sickness, loss of employment, voluntarily abstaining from work, dullness in business, reduction in wages, in fixing damages, should you find any. You may, if there is any evidence to justify it, take into consideration any evidence that might show that his wages might be increased from his labors, or any other thing or fact that might tend to throw light on that." One of the exceptions assigns error on the ground that this charge denied to defendant due process of law, within the meaning of the fourteenth amendment to the constitution of the United States, which in part provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." The act of 1916 (Ga. L. 1916, p. 19), purporting to amend the constitution of the State of Georgia, which was adopted by the legislature and subsequently ratified by the people at a general election, provides: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors of law from the superior courts and the city courts of Atlanta and Savannah, and such other like courts as have been or may be hereafter established in other cities; in all cases that involve the construction of the constitution of the State of Georgia, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question;" etc. That amendment also provides that "any case carried to the Supreme Court or to the Court of Appeals, which belongs to the class of which the other court has jurisdiction, shall, until otherwise provided by law, be transferred to the other court under such

rules as the Supreme Court may prescribe, and the cases so transferred shall be heard and determined by the court which has jurisdiction thereof."

It will be observed that the exception to the charge in the instant case does not involve the construction of the constitution of the State of Georgia, or of the United States, or of a treaty between the United States and a foreign government; nor does it draw in question the construction of the constitutionality of any law of the State of Georgia or of the United States. Therefore the Supreme Court is without jurisdiction to pass upon the exception raised to the charge of the court complained of. None of the questions raised by the bill of exceptions, the overruling of the demurrer to the petition, and the amendment to the motion for new trial, involves a question of which the Supreme Court has jurisdiction. See *Dennard* v. *State,* 176 *Ga.* 361 (167 S. E. 310) , and cit.; *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675).

*Transferred to the Court of Appeals. All the Justices concur.*