FELKER *v.* STILL, administrator.

No. 9460. MARCH 17, 1933.

*J. H. Felker,* for plaintiff in error.

*H. C. Cox* and *Orrin Roberts,* contra.

BELL, J. The defendant in error moved that this case be transferred to the Court of Appeals. The question of jurisdiction depends solely upon the following facts: An execution was levied upon property of the defendant in fi. fa., who filed an affidavit of illegality. The trial of the issue as thus made resulted in a verdict in favor of the plaintiff in fi. fa. The defendant's motion for a new trial was overruled, and he excepted. Upon the call of the case in the court below the defendant moved that the trial be postponed to a later date during the same term, because of the absence of his attorney, due to illness. This motion was overruled, and that ruling was excepted to upon the grounds that the refusal "to pass the case even for another time during the term, on the showing made by telegrams, as movant contends, was a denial of the right of counsel which is a constitutional right to every litigant; that the providential cause was sufficient even for a continuance, much more than a temporary passing for the same term; and, as movant claims, was a violation of art. 1, sec. 6360, par. 4, of the constitution, in that it denied movant the right of counsel." The movant probably intended to make reference to the provision of the State constitution, as contained in the Civil Code, § 6360, that "no person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." In the brief of counsel for the movant (the plaintiff in error) it is stated that "the constitutional question as to the right of counsel is involved." This is the only ground upon which it is claimed, or might even be supposed, that the case is one falling within the jursdiction of this court.

"Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Park's Code Supp. 1917, §§ 6502, 6506), the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co.* v. *Atlanta*, 149 *Ga.* 114 (99 S. E. 374). Accordingly, the present case is not one of which the Supreme Court has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*