## COWART v. THE STATE.

No. 9646.   July 13, 1933.

*Harry M. Wilson, Herbert W. Wilson,* and *G. Wilbur Sweat,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

Hill, J.   " 'Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and of the Court of appeals of this State (Ga. L. 1916, p. 19; Park's Code Supp. 1917, §§ 6502, 6506), the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve the constitutionality of any law of the State or of the United States or any treaty.' *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374); *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675)." *Dennard* v. *State,* 176 *Ga.* 361 (168 S. E. 310).   And see *W. & A. R. R.* v. *Leslie,* 176 *Ga.* 385 (168 S. E. 15).   The above amendment to the constitution of this State also provides that the Supreme Court shall have jurisdiction "in all cases of conviction of a capital felony."   In the present case J. R. Cowart was indicted in Ware County, jointly with two others, for the offense of arson.   The defendant made a motion to quash the indictment, for the following reasons: "(a) That he was compelled to be a witness against himself before the grand jury which returned the indictment against him, in violation of § 1037 of Park's Penal Code of Georgia, which section reads as follows: 'No person who in any criminal proceeding is charged with the commission of an indictable offense or any offense punishable on summary conviction is competent or compellable to give evidence for or against himself.'   (b)   Because he was subpœnæd before said grand jury without his consent and without being cautioned that he need not make any statement prior to the time he testified before said grand jury in the case of The State of Georgia

against J. R. Cowart, J. E. Cowart, and Harry Yermovsky alias Harry Goodman. (c) Because said action upon the part of the grand jury sitting at the December term, 1932, of Ware superior court, in compelling the said J. R. Cowart to testify in the case of The State of Georgia against himself and J. E. Cowart and Harry Yermovsky, was in violation of art 5 of the amendment to the constitution of the United States, for the same was in effect to compel the defendant in a criminal case to be a witness against himself." The motion to quash the indictment was overruled. The defendant also filed a demurrer to the indictment. His demurrer also was overruled. He was tried and convicted of the offense of arson, the verdict fixing his punishment of not less than two years and not more than three years imprisonment in the penitentiary. He made a motion for new trial on the general grounds and on several special grounds. The motion was overruled, and the case was brought by writ of error to the Supreme Court. The indictment does not charge, nor was the defendant convicted of, a capital felony under the act of 1924 (Ga. L. 1924, p. 192), so as to confer jurisdiction on the Supreme Court.

If the Supreme Court has jurisdiction of the present writ of error, it is because of the motion to quash the indictment found against the defendant. This motion alleges that the action of the grand jury in compelling the defendant to testify against himself deprived him of a constitutional right, and was in violation of the Penal Code (1910), § 1037. This motion does not involve the construction of the constitution of the State of Georgia, or of the United States, or of a treaty between the United States and a foreign government; nor does it draw in question the construction of the constitutionality of any law of the State of Georgia, or of the United States. Therefore the Supreme Court is without jurisdiction to pass upon the question raised in the motion to quash the indictment, which merely involves the application of a constitutional provision of the constitution of the United States. None of the questions raised by the demurrer to the indictment, or in the motion for new trial, involve a question of which the Supreme Court has jurisdiction. The case is therefore

*Transferred to the Court of Appeals. All the Justices concur.*