## WYNN *v.* THE STATE.

No. 10057.   JANUARY 9, 1934.

*W. A. Dampier, S. P. New, R. I. Stephens,* for plaintiff in error.
*J. A. Merritt, solicitor-general, J. E. Burch,* and *G. C. Bidgood,* contra.

ATKINSON, J.   A trial for murder resulted in a judgment declaring a mistrial. The judge called a special term for trial of specified cases including the one under consideration. During the special term the defendant made application to the judge for change of venue, upon stated grounds. The application was set for a hearing immediately, and evidence was introduced by both sides. At the conclusion of the evidence the judge on the same day denied the application. The applicant excepted, assigning error as follows: "To the final judgment overruling her motion for a change of venue plaintiff in error then and there excepted,

now excepts, and assigns the same as error and as contrary to law, and as contrary to the evidence, contrary to the weight of evidence, and without any evidence to support it, and as an abuse of discretion on the part of the court, and as contrary to the principles of justice and equity. And she alleges and contends that the court erred in overruling her motion to change the venue on each and every ground therein alleged, and that the final judgment is error and contrary to law, for the reason that the court had no jurisdiction to entertain, hear, pass upon and decide the same in term time, over her objections that the same be heard in chambers, and that said final judgment was influenced by her inability to pay cost, when the same could not, under the bill of rights, article 1, section 1, par. 10, of the constitution of Georgia, be demanded of her until conviction on final trial, and was therefore a denial of her rights under the fifth amendment to the constitution of the United States, in that it denied her due process of law, that is, a trial not in the method and manner provided by law, and not such a trial in chambers as other people accused of crime in this State have and enjoy; said final judgment was influenced by her admission that she was making no attack upon the character of the jurors of the county."

Under article 6, section 2, paragraph 5, of the constitution of this State (Civil Code, § 6502), the Supreme Court "shall be a court alone for the trial and correction of errors in law and equity from the superior courts . . in all cases that involve the construction of the constitution of the State of Georgia or of the United States," and "in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question." Under paragraph 9 of the same section of the constitution (Civil Code, § 6506) the Court of Appeals has jurisdiction "in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court." Applying the foregoing, it has been held by this court: "Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Park's Code Supp. 1917, §§ 6502, 6506), the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts,

and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374) ; *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675) ; *Thompson* v. *State,* 174 *Ga.* 804 (164 S. E. 202) ; *Dennard* v. *State,* 176 *Ga.* 361 (168 S. E. 310) ; *Thompson* v. *Atlanta,* 176 *Ga.* 489 (168 S. E. 312). Applying the foregoing principle, it was held in *Felker* v. *Still,* 176 *Ga.* 735 (169 S. E. 15) : "A case does not come within the jurisdiction of the Supreme Court merely because the trial court refused a motion to postpone the trial on account of the absence of the movant's attorney, and this ruling was excepted to upon the ground that it violated the provision of the State constitution as to the right of every person to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." It has also been held that in a case involving application for change of venue for trial of one charged with murder, "under the constitutional amendment of 1916, relating to jurisdiction of the Supreme Court and the Court of Appeals, a writ of error from denial of such application was returnable to the Court of Appeals." *Ruffin* v. *State,* 151 *Ga.* 743. In the instant case there is not drawn in question the "constitutionality of any law of the State of Georgia or of the United States," nor such construction of any such laws as would confer jurisdiction of the case upon the Supreme Court. On application of the principles hereinabove stated, the Supreme Court has not jurisdiction of the writ of error in the present case upon any theory, and the case must be transferred to the Court of Appeals which has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur, except Hill, J., absent because of illness.*