MORRIS *v.* TATUM, clerk, *et al.*

No. 9892. APRIL 11, 1934.

*Charles W. Anderson,* for plaintiff.

*James L. Mayson, Courtland S. Winn,* and *Jack C. Savage,* for defendants.

HUTCHESON, J.   J. M. Morris filed in Fulton superior court a petition against J. Henson Tatum, clerk of the city council of Atlanta, and the United States Fidelity and Guaranty Company, the surety on the bond of the clerk of the city council, alleging that in January, 1931, the general council of the City of Atlanta "did make and publish and enter, and the mayor thereof did approve the same, an illegal, unwarranted, and unauthorized and excessive appropriation to the Georgia Power Company, in the ·sum of

$34,007.41," a copy of the resolution by council being set out as an exhibit to the petition, "said appropriation being contrary to law, to wit, contrary to the charter of the City of Atlanta, City Code (1924), sections 161 et seq., and contrary to the statutes and constitution of this State." The appropriation in question, or the resolution carrying the appropriation, was a compromise agreement between the city authorities and the Georgia Power Company over some disputed items of indebtedness to the city by the power company. It is alleged that the city had no authority to make such appropriation, and that the same was in the nature of a gift or charitable bequest, and "that plaintiff brings this suit to recover the same sums in his name and for the use of the citizens and the City of Atlanta, and to vindicate public conscience and the peace and dignity of the law," etc. The prayers are for process, and "that he do have and recover all said enumerated sums herein, and his costs of this action." By way of amendment the petitioner sets out a number of sections of the city charter of Atlanta, providing for the keeping of books of account, showing the balances of the city finances, and providing that the mayor and council shall be individually liable to the city for the refunding of sums of money appropriated or expenses incurred in excess of the limits therein provided, and that the city clerk shall be empowered to bring suit for the recovery of such sums, and upon failure of the clerk to bring such suits the sums may be recovered of him and his bondsmen at the suit of any citizen. It is further alleged that the resolution is an indirect appropriation, donation, gift, and contribution of choses in action and lawful claims disclosed upon its face, for the city against the Georgia Power Company, making an excessive appropriation for the fiscal year of 1930, "contrary to said charter provisions of the City Code, and contrary to the public policy of the State and in violation of its constitution, art. 7, sec. 6, par. 1; and art. 7, sec. 16, par. 1."

The defendant filed general and special demurrers, which the court sustained, and dismissed the petition. The plaintiff excepted. In the bill of exceptions, after reciting the progress of the case and the judgment of the court, error is assigned because "said decision is error and contrary to and in contravention of the constitution of this State, to wit, contrary to art. 7, sec. 16, par. 1, forbidding the 'donation or gratuity in favor of any person, corporation, or as-

sociation . . by vote, resolution or order' . . by the General Assembly of the State, which defines the public policy of the State as to the public treasury and the purposes for which taxes may be levied and appropriated both as to the State and any political subdivision thereof; and that the decision is error and contrary to and in contravention of the constitution of this State, to wit, art. 7, sec. 6, par. 1, forbidding the General Assembly from authorizing any county, municipal corporation, or political subdivision of this State to appropriate money for, or to loan its credit to any corporation, association, institution, or individual, except for purely charitable purposes," etc.

The petition in the present case does not involve the construction of the constitution of the State of Georgia, or of the United States, or of a treaty between the United States and a foreign government; nor does it draw in question the construction of the constitutionality of any law of the State of Georgia, or of the United States; nor does this court have jurisdiction on any other ground. See *Cowart* v. *State,* 177 *Ga.* 377 (170 S. E. 253); *Dennard* v. *State,* 176 *Ga.* 361 (168 S. E. 310); *W. & A. R.* v. *Leslie,* 176 *Ga.* 385 (168 S. E. 15). The case is not one of which the Supreme Court has jurisdiction, but the Court of Appeals has jurisdiction to entertain and determine the issues raised therein. The case is therefore

*Transferred to the Court of Appeals. All the Justices concur.*