24075. MORRIS *v.* TATUM, clerk, *et al.*

SUTTON, J.  1. This case arose upon a petition brought by a citizen and taxpayer of the City of Atlanta, a municipal corporation of this State, upon the official bond of the city clerk, in which action an ordinance or resolution of said city is attacked as being "an illegal, unwarranted, and unauthorized and excessive appropriation to the Georgia Power Company," in violation of the city charter and of certain provisions of the State constitution. On dismissal of the petition on demurrer, the plaintiff excepted and took the case to the Supreme Court for review. That court transferred the case to this court for determination, holding that it had no jurisdiction to pass upon the constitutional questions raised therein. *Morris* v. *Tatum,* 178 *Ga.* 728 (174 S. E. 340).

2. Under the decision of the Supreme Court in this case, which is the law of the case and by which we are bound, this court, and not the Supreme Court, has jurisdiction to pass upon writs of error attacking as unconstitutional a municipal ordinance or resolution. *Elliott* v. *Augusta,* 177 *Ga.* 680 (170 S. E. 787) ; *Thompson* v. *Atlanta,* 176 *Ga.* 489 (168 S. E. 312). However, under an older decision of the Supreme Court, which has never been overruled or criticized by that court, a municipal ordinance is a law of this State, and it was held that the Supreme Court, and not this court, had jurisdiction to pass upon a writ of error where a question as to the constitutionality of a municipal ordinance was raised. *Forbes* v. *Savannah,* 160 *Ga.* 701 (3) (128 S. E. 806). However, this apparent conflict in the decisions of the Supreme Court is not

a matter for this court to pass upon, the decision of that court that this court has jurisdiction in this case being binding upon this court as the law of this case.

3. Where a decision dismissing a petition upon demurrer is attacked as being violative of certain constitutional provisions, this court and not the Supreme Court, has jurisdiction to pass upon the writ of error. *Cowart* v. *State*, 177 *Ga.* 377 (170 S. E. 253); *Dennard* v. *State*, 176 *Ga.* 361 (168 S. E. 310); *W. & A. Railroad* v. *Leslie*, 176 *Ga.* 385 (168 S. E. 15).

4. The ordinance or resolution of the City of Atlanta, adopted January 5, 1931, reciting that whereas the Georgia Power Company agreed to pay certain bills in the street-improvement collector's office for work done by the city in the repair of cuts made by the roadway department of said company, which are described therein, the said city agrees, upon payment thereof, to cancel certain other bills against said company in the street-improvement collector's office, and "all other bills against the Georgia Power Company for repairs to cuts in the office of the Chief of Construction up to January 1st, 1929," describing the same, is not violative of sections 161 et seq. of the 1924 City Code of Atlanta, providing that the mayor and council of said city shall be individually liable for exceeding the limit of appropriations by resolution by refunding any amounts appropriated or expenses incurred in excess of said limits, which may be enforced in an action brought in any court having jurisdiction, in the name of the city clerk, for the use of the city, for which said clerk shall receive ten per cent. of the recovery as compensation; and where the clerk fails to bring said action within ten days "the said sums may be recovered of him and his bondsman, at the suit of any citizen."

5. Said resolution, the same being a compromise agreement between the city authorities and the Georgia Power Company over some disputed items of indebtedness to the city by said company, was not made without authority, was not in the nature of a gift or charitable bequest by the city to said company, and was not in violation of art. 7, sec. 6, par. 1, and art. 7, sec. 16, par. 1, of the constitution of this State, which provide that "The General Assembly shall not authorize any county, municipal corporation, or political subdivision of this State to become a stockholder in any company, corporation, or association, or to appropriate money for, or to loan its credit to, any corporation, company, association, institution, or individual, except for purely charitable purposes," and "The General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity in favor of any person, corporation, or association." The purpose of these constitutional provisions is to prevent extravagant outlays, making a resort to the taxing power necessary. *Mayor* v. *Camak*, 75 *Ga.* 429, 435.

6. The decision of the judge of the city court of Atlanta, dismissing the petition of the plaintiff on demurrer, does not violate art. 7, sec. 16, par. 1, or art. 7, sec. 6, par. 1, of the constitution of this State. If said ordinance or resolution was violative of said constitutional provisions, the order of the trial judge overruling the attack thereon would not be unconstitutional, but would only be erroneous because said ordinance or

resolution was thus unconstitutional. See *Norman* v. *State*, 171 *Ga.* 527 (156 S. E. 203).

7. The provisions of the official bond of the city clerk are not set forth in the petition or any amendment thereto, nor is such bond attached thereto as an exhibit; and as this appears to be a suit on his official bond as clerk of said municipality, it is essential that the petition show that the principal and the surety on the bond are bound to the plaintiff by reason of a breach of the provisions of the bond. The petition is fatally defective in this respect. See 46 C. J. 1079, § 431.

8. It was not improper for the city attorney to appear in his private capacity as an attorney at law in behalf of the city clerk in defense to this action, and the trial court did not err in refusing to strike his appearance as attorney for the clerk. There is nothing in the charter of said city to prevent the city attorney from so acting.

9. The court did not err in sustaining the special demurrers, and the judgment will not be reversed because the court did not provide in its order that the plaintiff have leave to amend to meet such special demurrers. Had the petition not been subject to general demurrer, it would have been error to sustain the special demurrers without leave to the plaintiff to amend; but even without the special demurrers having been interposed, or had they been overruled, still the petition failed to set out a cause of action.

10. It follows that the trial court did not err in sustaining the demurrers, both general and special, to the petition of the plaintiff, as amended, and in dismissing the same.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 12, 1934. REHEARING DENIED JANUARY 14, 1935.

*Charles W. Anderson,* for plaintiff.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for defendants.