## WESTERN UNION TELEGRAPH COMPANY *v.* KING.

No. 12756. MAY 9, 1939.

**96**

*Francis R. Stark* and *Wright & Covington,* for plaintiff in error. *Lanham & Parker,* contra.

GRICE, Justice. Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and of the Court of Appeals (Ga. L. 1916, p. 19, Code of 1933, § 2-3005), the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution of the State or of the United States to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty. Such a case is the one now before this court, wherein King sought to recover special damages for mental anguish and suffering, a stated sum as a penalty, and another stated sum as nominal damages, by reason of the failure of the defendant, without the knowledge of the plaintiff until many days thereafter, to send a designated message addressed to the plaintiff's daughter who resided in another State, informing her that her mother had died and stating the day the funeral would be held; to which petition the defendant demurred on the grounds that to permit either of the recoveries sought would be in violation of specified provisions of the constitution of the United States and of specified acts of Congress passed in pursuance thereof, wherein the Congress assumed constitutional authority over all matters relating to the control of interstate commerce, among which, the de-

murrant contended, is included telegraph messages intended to be transmitted beyond the limits of the State. The questions thus raised do not involve a construction of the State or the Federal constitution, within the meaning of those terms as employed in the section of the constitution of this State defining the jurisdiction of this court, but they involve an application of the Federal and State constitutions in a general sense; nor do they draw in question the constitutionality of statutes of the State or of the United States. *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374); *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675); *Dunn Motors Inc.* v. *General Motors Acceptance Cor.,* 174 *Ga.* 743 (163 S. E. 906); *American Mills Co.* v. *Doyal,* 174 *Ga.* 631 (163 S. E. 603); *Thompson* v. *State,* 174 *Ga.* 804 (164 S. E. 202); *Dennard* v. *State,* 176 *Ga.* 361 (168 S. E. 310); *Felker* v. *Still,* 176 *Ga.* 735 (169 S. E. 15); *Payne* v. *State,* 180 *Ga.* 609 (180 S. E. 130); *Southern Pacific Co.* v. *DiCristina,* 36 *Ga. App.* 433 (137 S. E. 79). It follows that this case must be

*Transferred to the Court of Appeals. All the Justices concur.*