Jurisdiction of a case which ordinarily is in the Court of Appeals is not conferred on the Supreme Court by a statement in the bill of exceptions, following an assignment of error, "that said ruling is contrary to law, contrary to the constitution of the State of Georgia, and violative of article 1, section 1, paragraph 3 thereof, and violation [violative?] of article 5 of the constitution of the United States, which declares that no person shall be deprived of property without due process of law, and error is assigned on said ruling for said reason." This is not a case where the constitutionality of any law is drawn in question.
Transferred to the Court of Appeals. All the Justicesconcur.
 No. 13661. MARCH 14, 1941.
An attachment proceeding was instituted by A. N. Alford 
Company in Hart superior court, against S. J. Chastain, a nonresident of this State, and the execution issued thereon by the court was levied upon described real estate of the defendant in said county, to which execution an affidavit of illegality was filed by the defendant. On the hearing counsel for the plaintiff offered a motion to amend the execution by striking therefrom the lien of the judgment against the person, limiting the execution to a lien in rem only. Counsel for the defendant objected, but the court allowed the amendment. Counsel for the plaintiff then made a motion to strike the original affidavit of illegality filed by defendant; whereupon counsel offered an amendment to the affidavit of illegality, which amendment averred that the defendant was never served with notice of the attachment proceedings, or pendency of the suit, and that the tenant in possession had never had any notice of the levy, and that there had been no seizure of the property, and prayed that the levy be dismissed. Counsel for the defendant withdrew from the affidavit of illegality all allegations therein which averred that a levy had been made on property in the defendant's possession. This was permitted by the court over the objection of counsel for the plaintiff. Counsel for the defendant also offered a motion to set aside the judgment, the amendment and motion being filed with the clerk of the court. Defendant's counsel then requested the court to permit a jury to be stricken in the cause, offering to submit testimony on behalf of the defendant and the tenant in possession in support of the amendment *Page 678 
to the affidavit of illegality, and to show that the execution grew out of the attachment proceedings; that in the record of the attachment proceedings it did not appear that the defendant had ever been notified in writing of the filing of the declaration in attachment, or of the pendency of the attachment suit, as required by section 8-602 of the Code of 1933. The court refused to allow counsel for defendant to offer any testimony in support of the averments contained in the original affidavit of illegality, the amendment thereto, or the motion to set aside the judgment, holding that the issue was one of law and not of fact, and refused to permit the defendant the right to strike a jury. The court also refused to allow the testimony of the defendant and the tenant in possession, and then reserved decision on all matters raised by the pleadings until a date named, when the judge passed an order sustaining the oral motion of counsel for plaintiff, and struck the original affidavit of illegality, disallowed the amendment and the motion to set aside the execution, and overruled the motion to dismiss the levy; holding that the execution and levy were legal and valid, and that no issue of fact was presented for the determination of a jury, and ordered the levy to proceed; all of which was done over the objections of counsel for the defendant. To all of the rulings adverse to him the defendant excepted.