GASTON *v.* KEEHN, receiver.

No. 14399. FEBRUARY 9, 1943. REHEARING DENIED MARCH 11, 1943.

*Alexander E. Wilson Jr.,* for plaintiff in error.

*Gambrell & White* and *James S. Wilson Jr.,* contra.

REID, Chief·Justice. The case to be considered is an action at law by the Illinois receiver of a mutual insurance company, domiciled in that State, against a resident of Fulton County, seeking to recover a money judgment on an assessment made by the receiver and approved by the Illinois court having jurisdiction of the receivership. The assessment, its necessity and amount, was determined by the receiver, it is claimed, under the terms of a policy in this company, held by the defendant. A judgment of the circuit court of Cook County, Illinois, was entered, approving and confirming such assessment. The petition alleges that "said public acts, judicial proceedings and records of the State of Illinois, aforesaid, are entitled to receive and should receive full faith and credit in the courts of this State and in this proceeding, as is specifically provided in section 38-627 of the Code of the State of Georgia and in article 4, section 1, of the constitution of the United States." Defendant's demurrer presents the contention that the laws of Georgia, and not those of Illinois, govern in the case, and that "to hold the defendant bound by the proceedings in such court would be to deprive defendant of his property without due process of law, contrary to the provisions of the fourteenth amendment of the constitution of the United States, and paragraph 3 of section 1 of article 1 of the constitution of the State of Georgia." There is nothing else in the case that would suggest the jurisdiction of this court, and the recital in the bill of exceptions as to jurisdiction is: "The Supreme Court of the State of Georgia, and not the Court of Appeals, has jurisdiction of this cause, by reason of the fact that the provisions of the Federal and Georgia constitutions relating to full faith and credit (article 4, section 1, of the constitution of the United States) and due process of law (fourteenth amendment of the constitution of the United States, and paragraph 3, article 1, of the constitution of the State of Georgia) are involved."

"The Supreme Court shall have jurisdiction 'in all cases that involve the construction of the constitution of the State of Georgia or of the United States,' and 'in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question.' Art. 6, sec. 2, par. 5; Code, § 2-3005.

'The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty.' *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374). Jurisdiction is not vested in the Supreme Court merely because it is contended that an action or judgment is or would be contrary to some provision of the constitution. The instant case does not present any question of construction, but involves only the applicability of plain and unambiguous constitutional provisions. This alone does not confer jurisdiction upon the Supreme Court." *Head* v. *Edgar Brothers Co.,* 187 *Ga.* 409, 410 (200 S. E. 792); *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (supra); *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675); *Dunn Motors Inc.* v. *General Motors Acceptance Cor.,* 174 *Ga.* 743 (163 S. E. 906); *Thompson* v. *State,* 174 *Ga.* 804 (164 S. E. 202); *United States Fidelity & Guaranty Co.* v. *Edmondson,* 174 *Ga.* 895 (164 S. E. 773); *Dennard* v. *State,* 176 *Ga.* 361 (168 S. E. 310); *Felker* v. *Still,* 176 *Ga.* 735 (169 S. E. 15); *Morris* v. *Tatum,* 178 *Ga.* 728 (174 S. E. 340); *Silas* v. *State,* 181 *Ga.* 744 (184 S. E. 318); *City of Waycross* v. *Harrell,* 186 *Ga.* 833 (199 S. E. 119); *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d, 198); *Chastain* v. *Alford,* 191 *Ga.* 677 (13 S. E. 2d, 769; *Stewart* v. *Board of Commissioners of Echols County,* 192 *Ga.* 139 (2) (14 S. E. 2d, 728); *Florida State Hospital* v. *Durham Iron Co.,* 192 *Ga.* 459 (15 S. E. 2d, 509). Applying the provisions of our constitution, art. 6, sec. 2, par. 5 (Code § 2-3005), and the rulings as set forth and cited above, it is seen that at most the present case merely involves the application of the unambiguous provisions of the constitution of the United States, art. 14, sec. 1 (Code, § 1-815), and of the constitution of the State of Georgia, art. 1, sec. 1, par. 3 (Code, § 2-103), and that the case is within the jurisdiction of the Court of Appeals, and not of this court. Constitution, art. 6, sec. 2, par. 9 (Code, § 2-3009).

*Transferred to the Court of Appeals. All the Justices concur.*