### 21975. CIVILS v. FULTON COUNTY.

HEAD, Presiding Justice. The exception in the present case is to the denial of a motion for new trial, as amended, in a condemnation proceeding. The plaintiff in error states that this court has jurisdiction of the case "for the reason that the errors complained of involve a construction of provisions of the Constitution of Georgia." It is asserted in grounds 4, 5, and 6 of the amended motion that portions of the charge of the court in regard to the College Park zoning ordinance applicable to the property, and its effect on the value of the land taken by the condemnor, were erroneous for stated reasons. It is contended as to each of the excerpts from the charge that the limitation placed on the jury's right to consider all available uses of the land condemned "was illegal, confiscatory, adverse to movant and for these reasons deprived movant of due process of law," contrary to the provisions of the Constitution of Georgia, Art. I, Sec. I, Par. III (*Code Ann.* § 2-103) ; and deprived movant of equal protection of the laws, contrary to Art. I, Sec. I, Par. II (*Code Ann.* § 2-102). The same contention is made in the bill of exceptions as to these grounds. *Held:*

The contention in a case that portions of a charge of the court were erroneous for stated reasons and thus deprived the movant of due process of law and equal protection of the laws in violation of stated provisions of the Constitution does not make it one of those cases "that involve the construction of the Constitution of the State of Georgia" within the meaning of the Constitution, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704). *Dunn Motors, Inc. v. General Motors Acceptance Corp.*, 174 Ga. 743 (163 SE 906); *Western & Atlantic R. v. Leslie*, 176 Ga. 385 (168 SE 15); *Chastain v. Alford*, 191 Ga. 677 (13 SE2d 769); *Jarvis v. State*, 197 Ga. 704 (30 SE2d 484); *Dixon v. State*, 207 Ga. 192 (60 SE2d 439); *Robinson v. State*, 209 Ga. 48 (70 SE2d 514). The jurisdiction of the present case is in the Court of Appeals and not this court.

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED MARCH 7, 1963.

*Northcutt & Edwards*, for plaintiff in error.
*Paul H. Anderson*, contra.