### 22512. CITY OF ATLANTA v. DONALD.

HEAD, Presiding Justice. Mrs. Inez E. Donald sought damages against the City of Atlanta, as the owner of the Atlanta Municipal Airport, alleging that her described property has be-

come unfit for habitation by reason of noises, vibrations, and obnoxious odors caused by the operation of jet aircraft. By an amendment she alleged that "such taking of private property for public purposes violates your petitioner's rights under the 14th amendment to the Constitution of the United States and under Paragraph 1, Section 3 of the Constitution of Georgia." The City of Atlanta brought its writ of error to this court assigning error on the overruling of its general and special demurrers, stating as the basis for the jurisdiction of this court that "the issue raised . . . involves the construction of the Constitution of the State of Georgia and the Constitution of the United States." *Held:*

The contention in a damage case that the alleged taking of private property for public purposes is in violation of the due process clause of the State and Federal Constitutions does not make it one that involves the construction of the State and Federal Constitutions. "The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co. v. City of Atlanta,* 149 Ga. 114 (99 SE 374) ; *Dunn Motors, Inc. v. General Motors Acceptance Corp.,* 174 Ga. 743 (163 SE 906) ; *Morris v. Tatum,* 178 Ga. 728 (174 SE 340) ; *Campbell v. Atlanta Coach Co.,* 186 Ga. 77 (196 SE 769) ; *Mayor &c. of Athens v. Gamma Delta Chapter House Corp.,* 208 Ga. 392 (67 SE2d 111). The present case is not one within the jurisdiction of this court under the Constitution of 1945, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704), and it is, therefore,

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED JUNE 9, 1964—DECIDED JUNE 11, 1964.

*Henry L. Bowden, Robert S. Wiggins,* for plaintiff in error. *Peek, Whaley & Blackburn, Glenville Haldi,* contra.