## 22300. DENNARD v. THE STATE.

BROYLES, C. J. 1. The action of the Supreme Court in transferring this case to this court was an adjudication that the constitutional questions raised are "questions of law that involve the *application*, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve the *construction* of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States or any treaty (italics ours)." *Gulf Paving Co.* v. *Atlanta*, 149 *Ga.* 114 (99 S. E. 374) ; *Howell* v. *State*, 153 *Ga.* 201 (111 S. E. 675).

2. No judge of any court can sit in any cause in which he is pecuniarily interested, or related to either party within the fourth degree of consan-

514

guinity, or affinity, without the consent of all the parties in interest.· Civil Code (1910), § 4642.

(a) The proper construction to be placed upon the word "party" in the foregoing code section "is the broad meaning which would include anyone pecuniarily interested in the result of the case, and not the narrow and technical meaning which would limit the rule to a person who was a party to the record." *Roberts* v. *Roberts*, 115 *Ga.* 259, 263 (41 S. E. 616, 90 Am. St. R. 108).

(b) However, the words "pecuniarily interested," as employed in the statute, should be construed to mean pecuniarily interested "in one side or the other of the case,—a loss in the subject-matter, or a gain dependent upon the result of the issue. The cost is not a part of the subject-matter, and the amount of the cost, being fixed by law, is independent of the issue. There was, at common law, no cost of suit allowed as such; and thus the fact that the cost is a matter separate from the suit must be recognized. . . The fact that costs are of statutory and not of common law origin is quite important in the decision of the question before us. The term 'costs,' as applied to proceedings in a court of justice, has, in the acceptation of the profession, and by the practice of all courts in Georgia, a well-understood meaning. It includes all charges fixed by statute as compensation for services rendered by officers of the court in the progress of the cause. *Davis* v. *State*, 33 *Ga.* 531-533; *Markham* v. *Ross*, 73 *Ga.* 105. If collectible, the costs are payable to the officer, no matter which party prevails. The history of section 4045 of the Civil Code [section 4642 of the Civil Code of 1910] confirms the view that the pecuniary interest in a cause or proceeding referred to does not include an interest in the costs." *Wellmaker* v. *Terrell*, 3 *Ga. App.* 791, 796 (60 S. E. 464).

3. The defendant in the instant case was tried for possessing whisky. The judge refused to recuse himself on a motion, duly made by the accused, before arraignment and pleading, which alleged that the judge was disqualified to preside, because of his relation by consanguinity to the solicitor of the court in the degree of second cousin. It was also alleged in the motion that the solicitor "is dependent for his livelihood upon the costs collected upon conviction of parties tried in said court," which each year amount to sums exceeding $4,000; that the amount of the costs so collected is so great that in the circumstances stated the solicitor is pecuniarily interested in the result of each case tried by him, and in this case against the defendant; that on account of such interest of the solicitor and his relation to the judge, the judge was disqualified to try the defendant, and a trial by the court thus constituted would be contrary to article 1, section 1, paragraph 3, of the constitution of Georgia, which provides: "No person shall be deprived of life, liberty, or property, except by due process of law;" and contrary to so much of said article as declares that "Protection to person and property is the paramount duty of government, and shall be impartial and complete;" that such trial of the defendant by the court as now constituted would also be · contrary to article 8, section 5, of the constitution of the United States, which provides: "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury,

except in cases arising in the land or naval forces, or in the militia when in actual service, in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use without just compensation." In declining to recuse himself the judge refused to hear evidence as to the charges relied on to show the pecuniary interest of the solicitor and the relationship to him. This refusal of the motion was made a special ground of the motion for a new trial, the overruling of which was assigned as error in the bill of exceptions. *Held*, that, under the ruling enunciated in subsection (*b*) of paragraph 2, above, the solicitor of the court was not "pecuniarily interested" in the cause, within the meaning of the statute, and his fourth cousin was not disqualified from presiding as the trial judge. It follows from this ruling that the trial of the accused was held before a legally constituted tribunal, that none of his constitutional rights was denied him, and that the judge did not err in refusing to recuse himself.

4. The verdict was authorized by the evidence; and, the finding of the jury having been approved by the trial judge, and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED FEBRUARY 28, 1933.

*W. V. Custer & Son,* for plaintiff in error.
*F. E. Strickland, solicitor,* contra.