### TURNER v. BOARD OF COUNTY TAX ASSESSORS.

JENKINS, Presiding Justice. Jurisdiction of the Supreme Court is claimed because the judgment of the lower court on demurrer, as alleged in the bill of exceptions, is "contrary to" a designated amendment to the constitution of Georgia, and as alleged in a proffered amendment to the bill of exceptions, is "violative of" designated sections of the constitution of Georgia.

Under the constitutional amendment of 1916, now embodied in the Code, § 2-3005, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State, the Court of Appeals has jurisdiction to decide questions of law that involve application in a general sense of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve *construction* of some constitu-

tional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty. *Gulf Paving Company* v. *City of Atlanta*, 149 *Ga.* 114 (99 S. E. 374). Jurisdiction is not vested in the Supreme Court merely because a *judgment* is excepted to as being unconstitutional. *Payne* v. *State*, 180 *Ga.* 609 (2) (180 S. E. 130). Since the original bill of exceptions and the amendment thereto, alleging that the judgment was violative of the constitution, relate only to an *application* of provisions of the constitution, setting forth in effect that the judgment on demurrer was violative of certain constitutional provisions, and do not bring in question any construction thereof, it is unnecessary for this court to pass upon the propriety of the proffered amendments to the bill of exceptions, since under any view the Court of Appeals and not the Supreme Court has jurisdiction to pass upon the writ of error. *Morris* v. *Tatum*, 50 *Ga. App.* 315 (3) (178 S. E. 167), and cit. See *Dennard* v. *State*, 46 *Ga. App.* 513 (168 S. E. 311). Accordingly, this case is

*Transferred to the Court of Appeals. All the Justices concur.*

No. 14755. FEBRUARY 8, 1944.

*J. C. Bowden,* for plaintiff.

*E. Harold Sheats* and *Standish Thompson,* for defendant.