30468.   TURNER *v.* BOARD OF COUNTY TAX ASSESSORS.

DECIDED JUNE 7, 1944.   REHEARING DENIED JULY 14, 1944.

*J. C. Bowden,* for plaintiff.

*E. Harold Sheats, Standish Thompson, W. S. Northcutt,* for defendant.

FELTON, J.   This case was transferred to this court by the Supreme Court. *Turner* v. *Board of County Tax Assessors,* 197 *Ga.* 241 (28 S. E. 2d, 902). The tax assessors denied Miss Floy Turner's application for homestead exemption for the years 1938 through 1941. She appealed to the superior court of Fulton

County. The demurrer to the appeal was sustained, and the appeal denied. The exception is to that judgment.

■ The tax assessors contend that the appeal was filed more than ten days from the notice of the denial of the exemption. The first notice is dated February 12, 1943. This was a form notice, the form being that used for notice to owners of the assessment of unreturned property. In the space provided on the left-hand side of the notice there is printed the following: "Market Value of your City of Atlanta property. House No. Name of Street. Equalized assessed value of property." Under these heads the following was filled out by typewriter. "1118—Hudson Drive, S. E. $20.00." Also in this space there was stamped with a rubber stamp in a rectangle about two by four inches: "Your Homestead Exemption is Denied For......Reason......" The blanks were filled by typewriter as follows: "For 38-39-40-41. Reason Does not reside there." There was no signature to or in the rubber-stamp area. The assessors took the matter under further consideration after the above notice, and later, on July 19, 1943, advised in writing that the exemption for the years stated was denied. Within ten days of the last notice the appeal was filed. We do not think that the first notice was such as the law requires. If it was anything, it was a combination notice of assessment of unreturned property and denial of homestead exemption, and was confusing, ambiguous, and indefinite. The assessors themselves evidently doubted its validity. In any event they did not consider it final and reconsidered the case, and again denied the exemption and gave notice thereof in plain and unmistakable terms.

■ The appeal as amended alleged in substance: that the applicant made application for homestead exemption in 1938 as provided by law, and that since that time had made her returns each year and had been allowed the exemption; that the house on which the exemption is claimed is maintained by the applicant as her permanent home; that the legal title is in the applicant; that her personal effects, household goods, and kitchen furniture are located therein; that she has maintained the home for about eight years; that she is unmarried; that her aged and dependent parents, who are about 70 years of age, live in the home; that she is employed in North Carolina, where she temporarily resides; that she visits her home twice each year and remains there for some period of time;

and that if her employment outside the State came to an end she would return to her home in Atlanta. There is no attack on the constitutionality of the act of the legislature providing for homestead exemptions, so the question here raised depends on the interpretation of the constitutional and legislative provisions for homestead exemptions. The constitutional requirement (art. 7, sec. 1, par. 7; Ga. L. 1937, p. 1122; Ga. Code Ann., § 2-5008), is as follows: "Beginning January 1, 1938, there shall be exempted from all ad valorem taxation for State, county, and school purposes the homestead of each resident of this State actually occupied by the owner as a residence and homestead, to the value of $2,000, and only so long as actually occupied by the owner primarily as such, with the exception of taxation to pay interest on and retire bonded indebtedness. Such value to be determined in such manner and according to such rules and regulations as may be prescribed by law. The General Assembly may from time to time, as the condition of fiscal affairs of the State, counties, or schools, may warrant, lower said exemption to not less than $1,250." The act of 1937 (Ga. L. Ex. Sess. 1937-1938, p. 145, sec. 8; Ga. Code Ann., § 92-233) provides that the word "homestead" shall mean and is defined to be (among other things) the following: "(a) The actual permanent place of residence of a person who is the applicant and which constitutes the home of the family. . . (h) In all the classes above defined, the homestead exempted must be actually occupied as the permanent residence and place of abode by the person awarded the exemption, and such homestead shall be the legal residence and domicile of such person for all purposes whatsoever." Section 9 of the act of 1937 (Ga. Code Ann., § 92-234) provides that the word "applicant" shall mean, among other definitions, "(b) A person who is unmarried but permanently maintains a home for the benefit of one or more persons who are morally or through relation to him or her dependent wholly or in part upon him or her for support." On the question of construing tax-exemption provisions Cooley states the following: "When it is said that exemptions must be strictly construed in favor of the taxing power, this does not mean that if there is a possibility of a doubt it is to be at once resolved against the exemption. It simply means that if, after the application of all rules of interpretation for the purpose of ascertaining the intention of

the legislature, a well-founded doubt exists, then an ambiguity occurs which may be settled by the strict rule of construction. The rule of strict construction does not relieve the court of the duty of· interpreting the exemption by the ordinary rules of construction in order to carry out the intention of the legislature, and does not apply where there is no language in the act justifying or requiring construction. A fair and reasonable construction of the statute or contract must always be adopted, giving the language used its ordinary meaning, and taking into consideration the purpose and spirit of the exemption as well as the public policy entertained at the time and the history of the times when the statute was passed. Strict construction does not require that the narrowest possible meaning be given to words descriptive of the exemption." 2 Cooley on Taxation (4th ed.) 1415, § 674. We do not think there is much, if any, doubt as to the meaning of the provisions of the constitutional amendment. Its purpose was to exempt the homestead of each bona fide resident of the State from taxation to the extent provided. The provisions for actual occupancy by the owner enter into the definition of bona fide homestead. These words do not mean here, or in everyday life, that the owner must occupy the property in person every day in the year, or a majority of the days of a year. They mean that there must be such occupancy by the owner as is not inconsistent with his ownership and maintenance of the dwelling as his homestead and place of abode. Hence one may actually occupy a home through the agency of others so long as it is maintained as a home, and the control is not changed in character. The emphasis in the words used in the provisions is not on the *actual occupancy,* but on the provision as a whole, the *actual occupancy primarily as a residence or homestead.* There may be many citizens of Georgia who are forced by circumstances to live out of the state or out of a particular county, in the business of traveling or war work, or the profession of teaching, etc., who maintain residences, homesteads, and homes in Fulton County, or in other counties. It is not necessary to explore the numbers of situations that might possibly arise; suffice it to say that in this case the appeal alleged that the house in question was maintained as the permanent home of the owner, and was actually occupied by her, personally at intervals, and always through the agency of those whose possession and occupancy were not inconsistent with the

owner's maintenance of the house as a permanent home even if she temporarily resided outside of Fulton County. The provision of the act of 1937 (Ga. Code Ann., § 92-233 (h)), that such homestead shall be the legal residence and domicile of such person *for all purposes* is indefinite and uncertain, and is construed to mean no more than is required by the constitutional provision; otherwise, if it adds a restriction not contained in the constitution, it is unconstitutional. The appeal alleged facts sufficient to establish the facts that the applicant maintained the house in Atlanta as a permanent residence, home, and place of abode, through her father and mother who were dependent on her for support, and that she was entitled to the homestead exemption, unless the facts were controverted to the satisfaction of a jury, or other facts were shown which would deprive her of the right to the exemption applied for.

The court erred in sustaining the demurrer, and denying the appeal.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*