OFFICER OR DIRECTOR OF INSURER — LIMITATIONS A director or officer of an insurer is statutorily prohibited from participating or engaging in transactions between such insurer and others, in instances where he personally, and not on behalf of the insurer, is pecuniarily interested therein. The Attorney General has had under consideration your recent letter in which you advise as follows: "A domestic stock life insurance company made a loan to a corporation when a substantial stockholder and Chairman of the Board of Directors of the life insurance company was also a director, officer, and owner of 34% of the outstanding shares of the borrowing corporation, the remaining outstanding shares being owned by other members of his family." In effect, you ask whether the described transaction is prohibited by 36 O.S. 2126 [36-2126] (1961). Title 36 O.S. 2126 [36-2126] (1961), in pertinent part provides: "A. No director or officer of an insurer shall accept, except for the insurer, or be the beneficiary of any fee, commission, brokerage, gift, or other emolument in addition to his fixed salary or compensation, because of any investment, loan, deposit, purchase, sale, exchange, reinsurance, or other similar transaction made by or for the insurer, or be pecuniarily interested therein in any capacity except on behalf of the insurer. " (Emphasis added) You advise that the described indebtedness is the culmination of a transaction involving sale by the life company of certain real property of the life company conveyed to the company which executed the original note. It represented the purchase price of said property and was evidenced by the note of the purchaser drawn in favor of the life company. It was dated March 31, 1965, and was payable in 240 equal consecutive monthly installments beginning December 1, 1965. The Chairman of the Board of the life company owned at the time a one-half interest in the company which executed the original note. Payment was allegedly secured by a mortgage of certain real properties located in Oklahoma executed in favor of the life company by another corporation, (hereinafter referred to as "mortgagor company"), of which the Chairman of the life company was an officer and director, and in respect to which he actually or constructively owned and controlled all of the outstanding stock interests. We are advised that no payments, either of principal or interest, having been made, a new note in the aggregate sum of the entire principal and accrued interest was drawn by the mortgagor company to the order of the life company on or about December 31, 1968. Said note was drawn on an Oklahoma Real Estate Mortgage Note form, but, except in the printed portion of the note form, no reference was made to an existing mortgage. No description of any specific property, or location of mortgaged property, or place of recording, or other identifying data was embodied in the new note. The note is signed by the Chairman of the Board of the life company in his individual capacity. Although the person represented is named, the note fails to show that the signature was affixed in a representative capacity. The new note provided that both principal and interest were to be paid in one installment on or before December 31, 1969, and that all past due principal and interest was to bear interest, after maturity, at the rate of 10% per annum. Said note, we understand, is now in default. We have been unable to find an Oklahoma case construing the phrase "pecuniarily interested." However, in the case of Dennard v. State, 168 S.E. 311, 312, 46 Ga. App. 513
(1933), the Court of Appeals of Georgia, Division Number 1, stated as set forth in paragraph number 3(b) of the syllabus: "However, the words 'pecuniarily interested' as employed in the statute, should be construed to mean pecuniarily interested 'in one side or the other of the case — a loss in the subject matter, or a gain dependent upon the result of the issue." In the case of Alexander et al v. Richie, et al, 132 W. Va. 865, 53 S.E.2d 735 (1949), the Supreme Court of Appeals of West Virginia stated in paragraph number 1 of the syllabus that: "A member of a Board of Education who becomes indirectly and pecuniarily interested in a contract with the Board over 'which, as such member . . . he may have any voice, influence or control' shall be removed from office as a member of said Board." (Emphasis added) In the body of its opinion, at page 740, the Court observed: "We are impressed with the evidence of good faith on Richie's part. But his action alone is not sufficient to excuse him for the violation of the statute prohibiting contracts with the Board, in which he was indirectly and pecuniarily interested. Undoubtedly the sale of supplies to the Board by the Corporation and payment therefor constituted a contract. Hunt v. Allen, supra. It is immaterial that he made no profit on the grading of the athletic field at Ripley. . . . The simple answer is that his conduct was unlawful because forbidden by statute or was malum prohibitum, as distinguished from malum in se." (Emphasis added) In City of Bristow, ex rel., Hedges v. Groom, 194 Okl. 384,151 P.2d 936 (1944), the Supreme Court observed, in the body of its opinion: "The cardinal rule of statutory construction is to ascertain the intention of the Legislature, and this should ordinarily be done by a consideration of the language of the statute." It seems clear that in the instant case, the original transaction was between "an insurer" and another participant in which the Chairman of the Board of the insurer was "pecuniarily interested", other than on behalf of the insurer. The subsequent refinancing of the indebtedness to the life company was of the same character. Both are within the restrictions of the statute. Its language seems carefully chosen and its purpose is clear. Under it, the Legislature has relieved directors and officers of insurers of the need to choose between fiduciary duties and personal interests by restricting their activities where such conflicts of interest may occur. It is therefore the opinion of the Attorney General that in the fact situation established by the information you furnished to this office, your question must be answered in the affirmative and that the described transactions are ones prohibited by the statute because of the pecuniary interest of the chief executive officer of the life company in the other participating companies. (Carl G. Engling)