JAMES STROUTHERS *v.* STATE OF ARKANSAS

5702                                               479 S.W. 2d 870

Opinion delivered May 8, 1972
[Rehearing Denied June 5, 1972.]

*Louis W. Rostek,* for appellant.

*Ray Thornton*, Atty. Gen., by: *Milton Lueken,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant James Strouthers was charged with murdering Marshall Stout. The jury found him guilty of murder in the first degree. For reversal he contends:

"I. The Court erred in admitting the confession of the defendant, and in giving State's Requested Instruction No. 1-A as to the admissibility of said confession.

II. The Court erred in admitting into evidence a cigar box with an alleged hole that purportedly came from the defendant's alleged pistol.

III. The Court erred in refusing Defendant's Requested Instruction No. 3, and in giving State's Requested Instruction No. 2 and No. 8 which failed to include a finding of Murder in Second Degree or Manslaughter."

The record shows that Marshall Stout's body was found in a pool of blood near the front door of his liquor store a little after 10:00 p.m. on October 6, 1970. Investigation by the police revealed a trail of blood from near the rear of the store to the front, blood on the wall near a telephone and on the telephone itself, and that cause of death was a bullet wound in the right upper chest through the arm pit.

Billy Joe Pye testified that appellant dated his twin sister. He was with appellant in North Little Rock around October 1, 1970, and appellant sent him to Stout's liquor store to rob Mrs. Stout. As a result of an altercation with Mrs. Stout, he was sent to the Pulaski County Penal Farm from October 6th to October 26th. After he was arrested, appellant told him that he was going to kill Mr. or Mrs. Stout because Pye was arrested for something he didn't do. The next time appellat saw Pye, he told Pye he had killed Mr. Stout.

Appellant when first arrested was given the *Miranda* warnings and refused to sign a waiver of his rights. The next day he made known his desire to make a statement. As a result thereof, Sergeant Gene Barrentine called in Mrs. Faye McGlochlan, a clerk typist, and took a statement from appellant.

According to the statement appellant admitted going into the store and telling Mr. Stout to hand him a bottle of whiskey. When Stout turned around to get the bottle, appellant put a gun on him and informed him that it was a holdup. He got about a hundred dollars. After making sure there was no more money in the cash register, he shot Mr. Stout while standing two or three feet from him. He and Betty Sue Pye then ran out the front door. They heard Mr. Stout shoot one time. After running out the front door, they went east on Broadway, ran through an alley and ducked across the railroad tracks to Jones High School.

Robin Davis of McGehee, on October 6th had parked his diesel truck rig at either 3rd or 2nd at Cornish, almost in front of an alley, to fill out his log book. While there he heard a shot and thereafter saw appellant and a woman running down the alley. He placed the time as being about 25 minutes before 10:00 p.m.

POINT I: The trial court held a *Denno* hearing on the voluntariness of the confession and found that the confession was voluntary. In addition, the trial court submitted the voluntariness of the confession to the jury. We find no merit in the contention that the court erred in admitting the confession. The evidence on the issue of voluntariness is sufficient to sustain the trial court's finding. Furthermore, no error was committed in also submitting the issue to the jury. See *Hall* v. *State*, 242 Ark. 201, 412 S.W. 2d 603 (1967).

POINT II: The trial court did not err in admitting the cigar box into evidence. The record shows that it was a prosecution theory that the .25 claiber slug found in the door casing first passed through the cigar box and that the slug was fired by Stout. To substantiate

that theory Sgt. Don Spear fired a .22 shot through the lid of the box at close range. There is nothing in the record to support appellant's contention that the alleged hole purportedly came from his gun's slug.

POINT III: Prior to Act 124 of 1971, Ark. Stat. Ann. § 43-2152 (Repl. 1964), required that in the case of premeditated murder the jury must determine whether the accused be guilty of murder in the first degree or murder in the second degree. See *Walton* v. *State*, 232 Ark. 86, 334 S.W. 2d 657 (1960). However, Act 124, *supra*, repealed the above statute. Under this state of the law, a trial court does not err in refusing an instruction on a lesser degree of an offense when the evidence does not justify the giving of such instruction. See *Gilchrist* v. *State*, 241 Ark. 561, 409 S.W. 2d 329 (1966). Upon the evidence in the record, appellant was either guilty or not guilty of premeditated murder. We can find no evidence to justify giving an instruction on any lesser degree of murder.

Affirmed.