The Honorable Lu Hardin State Senator 260 Hilltop Drive Russellville, Arkansas 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following question:
 Over what degree of consanguinity of a relative attorney can a judge preside?
I assume that your question refers to a case in which an attorney for one of the parties is related to the judge presiding in the case. In my opinion, the answer is that a judge is required to disqualify himself or herself in a proceeding in which the judge or the judge's spouse, or a person within the third degree of relationship to either of them (or the spouse of such a person) is acting as a lawyer in the proceeding.
As an initial matter, it should be noted that Article 7, § 20 of the Arkansas Constitution, pertaining to grounds for the disqualification of judges, appears to be inapplicable in this instance. That provision provides:
 No judge or justice shall preside in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law; or in which he may have been of counsel or have presided in any inferior court.
As the prohibition regarding relationship in this constitutional provision applies to "parties" in the case, and as your question pertains to an attorney for a litigant, it would not appear to be controlling in this instance. See generally Fuller v. State, 256 Ark. 998,511 S.W.2d 474 (1974), citing Johnson v. State, 87 Ark. 45, 112 S.W. 143
(1908) (Court interprets the word "party" in Art. 7, § 20 of the Arkansas Constitution in a broad manner and as applying the term to anyone who is pecuniarily interested directly in the result of the suit).
Next, Canon 3E of the Arkansas Code of Judicial Conduct must be considered. The relevant part of that Canon provides:
Disqualification
 (1) A judge shall[1] disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
****
 (d) the judge or the judge's spouse, or a person within the third degree of relationship[2] to either of them, or the spouse of such a person:
****
(iii) is acting as a lawyer in the proceeding. [Emphasis added.]
Arkansas Code of Judicial Conduct, Canon 3E. The revised Arkansas Code of Judicial Conduct, in which the foregoing Canon appears, was adopted byper curiam order of the Arkansas Supreme Court on July 5, 1993. The former Code of Judicial Conduct was adopted by the Court by reference in a per curiam of November 5, 1973, wherein it was stated that "this Court declares that such Code constitutes proper standards for the Judiciary of this State." In a per curiam of June 6, 1988, the Court formally published the Code and stated:
 Although subsequent cases have demonstrated that we regard the code as having been adopted as the law governing judicial conduct, see, e.g., Jim Halsey Co. v. Bonar, 284 Ark. 461, 683 S.W.2d 898 (1985); Ford v. State, 276 Ark. 98, 633 S.W.2d 3 (1982), and we have amended the code from time to time, we have not previously published it but have made reference to the American Bar Association code.
Thus, it appears the Court considers the Code to govern judicial conduct.[3] Pursuant to Canon 3E(1)(d)(ii) of the Code, as set out above, a judge is required to disqualify himself or herself when the judge or the judge's spouse, or a person within the third degree of relationship to either of them (or the spouse of such a person) is acting as a lawyer in the proceeding.[4] Thus, the answer to your question is, in my opinion, the third degree of relationship.
Finally, it should be pointed out that there are several statutes in the Arkansas Code regarding disqualification of judges. See, e.g., A.C.A. §§16-11-108 (Arkansas Supreme Court justices); 16-13-101 (circuit or chancery court judges where court has more than one division); 16-13-214
(circuit court judges); 16-13-312 (chancery court judges); 16-14-103
(probate court judges); 16-15-111 (judge of county court); and 16-19-206 (judges of circuit courts, county courts, probate courts, and justice of the peace courts). These provisions generally provide that the judge is disqualified from sitting in the determination of any cause or proceeding in which he or she is interested, related to either party within the fourth degree of consanguinity or affinity, or has been of counsel, without consent of the parties. Only one of these provisions (A.C.A. §16-13-101),[5] however, includes attorneys of the parties within the prohibition. Thus, Canon 3E, as discussed previously, would be the applicable provision with respect to your question, not the statutes cited above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] In the "Preamble" to the Arkansas Code of Judicial Conduct, it is stated that "[w]hen the text uses `shall' or `shall not,' it is intended to impose binding obligations the violation of which can result in disciplinary action."
[2] The "Terminology" section of the Arkansas Code of Judicial Conduct provides that the following persons are relatives within the third degree of relationship: great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew or niece.
[3] The Court's power regarding rule making apparently emanates, at least in part, from Article 7, § 4 of the Arkansas Constitution. Seegenerally In Re Arkansas Supreme Court Board of Certified Court ReporterExaminers, 280 Ark. 598, 599, 656 S.W.2d 694 (1983) (stating "Article 7, Section 4 of the Arkansas Constitution confers upon this court superintending control over all inferior courts of law or equity. This Court has inherent rule making authority under this provision of the Constitution.")
[4] It should be noted that under Canon 3F of the Arkansas Code of Judicial Conduct a judge disqualified by the terms of Canon 3E may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification. If the parties and their lawyers, without participation by the judge, all agree that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding, and the agreement regarding the waiver must be incorporated in the record of the proceeding.
[5] Arkansas Code Annotated § 16-13-101 states that:
 Whenever any suit or action is brought or pending in any division of any circuit or chancery court of this state, where the court has more than one (1) division and where it appears that the presiding judge of the division in which the action is pending is interested in the suit, has been of counsel, is related by blood or marriage within the fourth degree to either of the parties or their attorneys, or shall for any other reason be disqualified to hear the cause, the suit shall be transferred to another division of the court, upon the motion of any party.
It has been stated that Article 7, § 20 of the Arkansas Constitution, which provides for disqualification of a judge if either of the parties to an action are related to him by consanguinity, did not prohibit expressly or by implication enactment of a statute such as A.C.A. §16-13-101 which includes attorneys among those with whom a judge may not be related. Black v. Cockrill, 239 Ark. 367, 389 S.W.2d 881 (1965). Section 16-13-101, when construed with Canon 3E of the Arkansas Code of Judicial Conduct, presents, however, a conflict since the statute prohibits a relationship within the fourth degree and the Code refers to the third degree. It is my opinion, however, that the Judicial Code of Conduct would govern in this instance. See generally State v. Sypult,304 Ark. 5, 800 S.W.2d 402 (1990) (providing that when conflicts arise between the rules established by the Court and legislation enacted by the General Assembly, the Court will defer to the General Assembly only to the extent that the conflicting court rule's primary purpose and effectiveness are not compromised; otherwise the court rules remain supreme).